UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

|  |  |  |
|---|---|---|
| JOBOYD UNDRE GIBSON, | ) | |
| Petitioner, | ) | Case No. 6:19-cv-00144-GFVT |
| v. | ) | |
| J.A. BARNHART, Warden, | ) | **MEMORANDUM OPINION & ORDER** |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner Joboyd Undre Gibson is a federal inmate currently housed at the Federal Correctional Institution ("FCI") – Forrest City Medium located in Forrest City, Arkansas.[1] Proceeding without a lawyer, Gibson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence. [R. 1]

Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also*

---

[1] At the time that Gibson filed his petition, he was housed at FCI-Manchester, located in Manchester, Kentucky. Because Gibson was incarcerated in this judicial district when he filed his § 2241 habeas petition, he was required to file his petition in the Eastern District of Kentucky. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (because the only proper respondent to a habeas petition is the petitioner's custodian at the time of filing, it must be filed in the district court where the prisoner is incarcerated). This Court did not lose jurisdiction over this matter when Gibson was transferred to a prison located outside the Eastern District of Kentucky. *Id*. at 444 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

*Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

**I.**

On December 11, 1998 (while he was serving sentences for two prior convictions in Mississippi state court), Gibson was charged in an indictment issued by a federal grand jury in the United States District Court for the Northern District of Mississippi with being a convicted felon who knowingly conspired to make false statements to unlawfully acquire firearms in violation of 18 U.S.C. §§ 922(a), (g) and 924 (a) (Count One); knowingly disposing of a loaded firearm to a convicted felon in violation of 18 U.S.C. § 922(d) (Count Two); being a convicted felon knowingly in possession of a loaded firearm in violation of 18 U.S.C. § 922(g) (Counts Three and Six); knowingly making false written statements to purchase firearms in violation of 18 U.S.C.§§ 922(a) and 924 (Count Four); and knowingly disposing of firearms to a convicted felon in violation of 18 U.S.C. § 922(d) (Counts Five and Seven). *United States v. Gibson*, Case No. 1:98-cr-120-NBB-DAS-1 (N. D. Miss. 1998) at R. 1.[2]

Pursuant to a plea agreement with the United States, on March 18, 1999, Gibson pled guilty to Counts One and Six of the Indictment. *Id*. at R. 38. On September 16, 1999, Gibson was sentenced to the terms of imprisonment of 60 months on Count One and 120 months on Count Six, to be served consecutively to each other and to Gibson's imprisonment under any

---

[2] A few months prior to filing his § 2241 petition in this case, Gibson also filed a second § 2241 petition in this Court. *See Joboyd Undre Gibson v. USA*, 6:19-cv-084-KKC (E.D. Ky. 2019). This petition was dismissed on screening on November 7, 2019. *Id*. at R. 5, 6. While Gibson's second § 2241 petition and the § 2241 petition subsequently filed in this case present slightly different legal grounds for relief, both petitions are based on the same procedural history from Gibson's underlying criminal case. Accordingly, the Court has reviewed United States District Court Judge Karen K. Caldwell's thorough presentation of those facts (as well as the citations to the record on which Judge Caldwell's summary of the facts is based) and has incorporated Judge Caldwell's Memorandum Opinion and Order into this Opinion where appropriate.

previous state or federal sentence. *Id*. at R. 54. After sentencing, Gibson was returned to the custody of the Mississippi Department of Corrections. *Id*. at R. 56.[3]

Gibson has filed multiple motions seeking relief from his sentence, none of which have been granted. Gibson's efforts were first focused on seeking relief from the federal court's imposition of a sentence to be served consecutively to Gibson's state sentence. *See United States v. Gibson*, No. 1:98-cr-120-NBB-DAS (N.D. Miss. 1998) at R. 57 (motion for reconsideration of judgment filed March 6, 2000); R. 59 (petition for reconsideration of order to run sentence concurrent to state sentence filed May 25, 2001); R. 60 (motion to amend judgment filed June 20, 2001); R. 61 (motion to release federal detainer filed March 28, 2008); R. 62 (motion to modify sentence filed April 24, 2008); R. 63 (motion for order to show cause filed July 18, 2008); R. 64 (motion to reduce sentence filed December 11, 2013); R. 67 (motion for reconsideration filed April 14, 2014); R. 73 (motion requesting clarification and an amended judgment filed November 28, 2016). While these motions were filed by Gibson in the federal sentencing court, he has also previously sought relief from his consecutive federal sentence in this Court, via an unsuccessful petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Gibson v. Barnhart*, 6:18-cv-216-GFVT (E.D. Ky. 2018).

In addition to these miscellaneous motions seeking post-conviction relief from his sentence, on March 21, 2016, Gibson filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in his criminal case. *United States v. Gibson*, No. 1:98-cr-120-NBB-DAS (N.D. Miss. 1998) at R. 69. In his original § 2255 petition, Gibson argued, in part, that, in light of the United States Supreme Court's decision in *United States v. Johnson*, 135 S.Ct. 2551 (2015), which held

---

[3] Thus, although he was sentenced in federal court in 1999, he did not begin serving his federal sentence until January 2013. *See generally Gibson v. Barnhart*, 6:18-cv-216-GFVT (E.D. Ky. 2018) at R. 5, p. 2-3.

3

that the "residual clause" of 18 U.S.C. § 924(e)(2)(B) is unconstitutional, Gibson's sentencing enhancement under the United States Sentencing Guidelines "Career Offender" residual clause was in error. *Id*. at p. 4-5.

On February 9, 2017 (before the District Court had ruled on his § 2255 petition), Gibson filed a "Memorandum in Support" of his § 2255 petition. *Id*. at R. 74. In his Memorandum, Gibson clarified that his sentence was enhanced under U.S.S.G. § 2K2.1 for a prior "crime of violence," but that, post-*Johnson*, the basis for this enhancement (a prior conviction for "strong arm robbery") is invalid. On March 3, 2017 (again before the District Court ruled on his § 2255 petition), Gibson filed another § 2255 petition, this time seeking relief from his sentence in light of *Mathis v United States*, 136 S. Ct. 2243 (2016). *Id*. at R. 75. In this petition, Gibson argued that, in light of *Mathis* and the United States Court of Appeals for the Fifth Circuit's decision in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), Gibson's prior Mississippi drug convictions are no longer valid predicate "controlled substance" offenses for purposes of the Guidelines Career Offender provision, U.S.S.G. § 4B1.1. On May 3, 2017, Gibson filed a "Supplement and Memorandum of Motion to Amend this Brief," repeating the same *Johnson* argument that he had set forth in his original § 2255 petition. *Id*. at R. 76.

After the Government filed a response in opposition to Gibson's § 2255 petition, *id*. at R. 78, the District Court issued a Memorandum Opinion and Order on February 7, 2019, denying Gibson's § 2255 petition on the grounds that it was untimely and, in the alternative, it was without merit. *Id*. at R. 81. With respect to the merits of Gibson's claims, the Court explained that "Gibson has three convictions which qualify as controlled substance offenses or crimes of violence in the enumerated offenses under U.S.S.G. § 2K2.1(a)(2)." *Id*. at p. 8. After noting that the Application Notes to U.S.S.G. § 2K2.1(a)(2) explicitly incorporate the definitions of "crime

4

of violence" and "controlled substance offense" provided by U.S.S.G. § 4B1.2, the Court then analyzed Gibson's prior convictions to determine whether they fit these definitions. *Id*. at p. 8. The Court specifically found that Gibson's robbery conviction is an enumerated crime of violence in U.S.S.G. § 4B1.2(a)(2) and also contains "as an element the use, attempted use, or threatened use of physical force against the person of another," as set forth in 18 U.S.C. § 924(e)(2)(B)(i) and U.S.S.G. § 4B1.2(a)(1). *Id*. at p. 7-8. The Court further found that "Gibson's state drug convictions fit the definition of controlled substance offenses under U.S.S.G. definitions," as "[o]ne was for the sale of drugs, for which he received a 1 ½ year sentence. PSR, ¶ 60. The other was for possession of drugs with intent to distribute, for which he received a six-year sentence." *Id*. at p. 8. Accordingly, the Court concluded that Gibson's Guidelines Range and sentence were appropriate. *Id*.

Gibson has now filed a new petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241, his third such petition. In his § 2241 petition, Gibson argues that the Career Offender provision of the United States Sentencing Guidelines, U.S.S.G. § 4B1.2, should not have applied to him because Gibson's crime of conviction is neither a "crime of violence" nor a "controlled substance offense." [R. 1 at p. 6] Gibson invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert these claims in a § 2241 petition. However, after reviewing the petition and the record in Gibson's underlying criminal case,[4] the Court must deny relief because Gibson's claims are not cognizable in a habeas corpus petition filed pursuant to § 2241 and because they are without merit.

## II.

---

[4] This Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

5

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill*, 836 F.3d at 599-600.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Gibson argues that neither of his crimes of conviction (being a convicted felon who knowingly conspired to makes false statements to unlawfully acquire firearms and being a convicted felon knowingly in possession of a loaded firearm) qualify as a "crime of violence" or a "controlled substance offense" for purposes of the Guidelines' Career Offender provision, U.S.S.B. § 4B1.1. Pursuant to § 4B1.1(a):

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. 4B1.1(a). According to Gibson, because neither of his crimes of conviction were "crimes of violence," he was improperly sentenced as a Career Offender. [R. 1 at p. 6; R. 1-1 at

7

p. 3] Accordingly, he requests to be re-sentenced without the § 4B1.1 Career Offender enhancement [R. 1 at p. 8] or released immediately. [R. 1-1 at p. 10]

However, Gibson's argument is based on a false premise – that he was sentenced as a Career Offender under U.S.S.G § 4B1.1. Rather, Gibson's prior convictions were relevant at sentencing because he had three convictions that fit the definitions found in U.S.S.G. § 2K2.1(a)(2) for controlled substance offenses or crimes of violence. *See United States v. Gibson*, No. 1:98-cr-120-NBB-DAS at R. 81, Memorandum Opinion denying Gibson's § 2255 petition, at p. 7-8. Section 2K2.21(a)(2) of the Guidelines provides that, when calculating the applicable Guidelines range for a conviction of an offense involving the unlawful receipt, possession, or transportation of firearms or ammunition, or a prohibited transaction involving firearms or ammunition, the Base Offense Level is 24 "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). As the sentencing Court previously explained to Gibson, the Application Notes to § 2K2.1 explicitly incorporate the definition of "controlled substance offense" provided by U.S.S.G. § 4B1.2(b) and the definition of "crime of violence" provided by U.S.S.G. § 4B1.2(a). U.S.S.G. § 2K2.1, Application Note 1 of the Commentary to §2K2.1. Thus, while the definitions of "controlled substance offense" and "crime of violence" provided by U.S.S.G. § 4B1.2 were considered in determining Gibson's Base Offense Level under U.S.S.G. § 2K2.1(a)(2), Gibson was not subject to the sentencing enhancements applicable to a "Career Offender" under U.S.S.G. § 4B1.1. Thus, Gibson's argument that he was improperly sentenced as a Career Offender under U.S.S.G. § 4B1.1 is patently without merit, because he simply was not sentenced as a Career Offender under U.S.S.G. § 4B1.1.

Nor is Gibson's claim cognizable in a § 2241 petition filed in this Court. Gibson fails to cite any retroactively applicable United States Supreme Court decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute or establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. Although Gibson's Memorandum in support of his petition provides a string of citations to legal authority from various federal district and Circuit Courts of Appeal establishing that being a felon in possession of a firearm is not a "crime of violence" for purposes of U.S.S.G. § 4B1.1, the majority of these decisions were issued well before Gibson's conviction in 1998. [*See generally* R 1-1 at p. 4-5] Thus, even putting aside that Gibson's argument that he was improperly sentenced as a Career Offender under U.S.S.G. § 4B1.1 is based on a false premise, Gibson did not need any of these cases to assert the arguments presented in his § 2241 petition filed in this case.

Moreover, Gibson "has not shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Id*. at 706. For that matter, Gibson could have also brought his claim in one of his two prior § 2241 petitions filed in this Court in 2018 and 2019. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("[I]f a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground…Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260

F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)).

Although the Court declines to dismiss Gibson's petition as an abuse of the writ at this time, it is sufficient to note that Gibson has had ample opportunity to bring his argument for relief prior to filing his § 2241 petition in this case, both in his sentencing court and in this Court. Accordingly, as in *Wright*, Gibson cannot now use the saving clause to get another bite at the apple. *Wright*, 939 F.3d at 706. Because Gibson cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Wright*, 939 F.3d at 706.

For all of these reasons, Gibson fails to fall within the limited exception recognized by *Hill* and *Wright*, thus he may not challenge his sentence in this § 2241 proceeding. In the alternative, Gibson's claim for relief is without merit. Thus, Gibson's petition fails to establish any basis for habeas relief.

Accordingly, it is hereby **ORDERED** as follows:

1. Gibson's petition for a writ of habeas corpus [R. 1] is **DENIED**.
2. The Court will enter a judgment contemporaneously with this order.
3. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 15th day of November, 2019.

Gregory F. Van Tatenhove
United States District Judge